LYONS J.
delivered the opinion of the court.
The first question made in this cause is, whether the devise to the heirs of the body of Magdalena be void or not. The argument to prove it void is, that no person can be the heir of an ancestor whilst living, and therefore, as such, cannot take. But the court are of opinion that the word heir *590 may mean heir apparent, and that such was the intention in the present case. We are clear, that the testator meant to give the estate to the person -who should be the heir apparent of Magdalena at the time o± the testator’s death, and that he has used proper words to convey such an intention. If the heir apparent at that period had been a son, he would certainly have taken, but being a daughter, she took as such by purchase.
The second question was, what estate she took? It is unimportant for the court to decide, whether she took an estate of inheritance or not, since as she is found to be stilt living, her grantee has a .title to recover in this action, though she only took an estate for life.
But it was contended, that if she took only an estate for life, the deeds of lease and release produced a forfeiture of it. We are of opinion that there is nothing in this objection. The conveyance has its operation under the statute of uses, and therefore the grantor could pass no greater estate than she might lawfully part with.
The next objection is that the verdict finds the land in question to have been devised to James instead of Jacobus who is the lessor. This is clearly a mistake in the jury, and ought '^not to be regarded, since the description of the devise is sufficient^ plain when he is called the lessor of the plaintiff.
The last point is attended with more difficulty. It respects the boundaries of the land upon the special statements in the verdict. There is some inconsistency in the finding, which might be important, if the court doubted about the true boundaries of the land intended to be devised. It is evident that the testator had surveyed this land, and marked down by specified boundaries, the •part intended for each of the devisees, and that he must have had the plat before him when he made his will. The boundaries of the other devisees are right; when he comes to describe the parcel in question, he begins right and continues so, with little variation in course or distance, till he gets to s; then by mistake in transcribing the courses, from the plat, into the will, he appears to have overlooked one line viz. s, t, which creates the difficulty. If it be omitted altogether, none of the subsequent lines are right; if it be supplied from the plat, then they are all right and the disposition of the whole tract is compleat. The court has no hesitation in saying, that the testator’s intention was to pursue the lines which comprehends the 30 acres not included in the judgment of the District Court, and therefore, that their judgment though right as to the plaintiff’s title, is erroneous in not comprehending the land contained within the lines of the survey described by the letters s, t, E> and to s again.
But as that error was in favor of the appellant, the costs of this court ought to be paid by him to the appellee as the party prevailing, although the judgment be reversed.
The judgment must therefore be reversed and entered for the appellee, for the land contained within the survey taken in this cause and described by the small letters m, n, o, p, q, r, s, t, and the large letters E, D, C, B, and to little m, together with his costs in this court.
Judgment reversed.

The principal case is cited in Nelson v. Matthews, 2 Hen. & M. 176,